IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DESMON HOLMES, | ) | CASE NO. 1:13 CV 421 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BARRY GOODRICH, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Before me by referral[1] in this matter for habeas relief under 28 U.S.C. § 2254 is a motion by *pro se* petitioner Desmon Holmes to stay further proceedings on his petition until a pending state appeal is concluded.[2] The State has responded in opposition.[3] For the reasons that follow, I will recommend that the motion be denied.

Holmes's petition for habeas relief raises three claims for relief:

1. The conviction for rape was supported by insufficient evidence;

2. Holmes was denied his right to confront and cross-examine the victim at trial on her past sexual history; and

3. Holmes received ineffective assistance of counsel.[4]

---

[1] ECF # 21.

[2] ECF # 19.

[3] ECF # 20.

[4] ECF # 1 at 11.

In a Report and Recommendation filed on September 10, 2014[5] I recommended that all three grounds for relief be denied on the merits after full AEDPA review because the decision of the Ohio court denying all these grounds for relief was not an unreasonable application of clearly established federal law.[6] Moreover, I recommended that Holmes's motions for an evidentiary hearing and the appointment of counsel also be denied.[7]

In the current motion, as the State observes, Holmes seeks to stay further proceedings on the federal habeas petition while an Ohio court considers a delayed appeal from his conviction that raises three new issues never presented in the federal habeas petition:

1. The sentencing entries were void because Holmes was sentenced on two offenses when the offenses should have been merged into one;

2. The verdict forms were insufficient for not containing the essential elements of the crimes; and

3. The sentence should be vacated because Holmes was not present for re-sentencing.[8]

On September 4, 2014, the Ohio appeals court found the verdict form claim barred by *res judicata* yet found that the trial court erred in imposing two sentences where the offenses

---

[5] ECF # 16.

[6] *Id.*

[7] *Id.*

[8] ECF # 20 at 2-3 (citing Exhibit 5).

should have been merged.[9] Thus, the court reversed the sentence and remanded the matter for re-sentencing.[10]

Essentially, the State argues that Holmes is not entitled to a stay in this matter to exhaust state remedies – the basis for the stay explicitly argued by Holmes[11] – because none of the claims raised to the Ohio court in his current proceeding involve claims presented in his habeas petition.[12] In that regard, this case is not a mixed petition that requires providing Holmes with a safe way to exhaust an unexhausted claim while preserving the timeliness of his original filing.[13] Without such a basis, the current request for a stay is not one of the "limited circumstances" envisioned by *Rhines v. Weber* but rather would frustrate the objective of the AEDPA of encouraging finality and "increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce."[14]

Accordingly, I recommend for the reasons stated that the current motion to stay be denied.

Dated: November 13, 2014            s/ William H. Baughman, Jr.
                                    United States Magistrate Judge

---

[9] *Id.*

[10] *Id.*

[11] ECF # 19 at 2.

[12] ECF # 20 at 3.

[13] *See*, *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005).

[14] *Id.* at 277 (internal quotation omitted).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[15]

---

[15] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).