**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DESMON HOLMES,** ) | **CASE NO. 1:13CV421** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **BARRY GOODRICH, Warden,** ) | **MEMORANDUM OF OPINION** |
| ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Desmon Holmes' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

Petitioner was found guilty by a Cuyahoga County, Ohio jury on June 12, 2008, of Rape and Kidnapping with a Sexual Motivation Specification. Petitioner was sentenced on July 17, 2008, to ten years in prison.

Petitioner filed a Notice of Appeal on August 14, 2008 in the Eighth District Court of Appeals of Ohio. On August 10, 2009, the Court of Appeals dismissed the Appeal. On October 5, 2009, Petitioner sought and was granted leave to file a delayed Appeal with the Supreme Court of Ohio. On March 10, 2010, the Supreme Court of Ohio declined leave to appeal, dismissing the Appeal as not involving a substantial constitutional question.

Petitioner filed the instant Petition on February 27, 2013, asserting the following grounds for relief:

> **GROUND ONE:** "Petitioner's conviction for rape is not supported by sufficient evidence, and therefore, violates his constitutional right to due process of law."
>
> **GROUND TWO:** "Petitioner was denied the right to confront and cross-examine witnesses, a fair trial, and due process of law, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, when the trial court improperly limited cross-examination to preclude evidence of prior sexual misconduct by the Ms. Scott relevant to support the defense theory of the case."
>
> **GROUND THREE:** "Petitioner was deprived of his constitutional right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution."

On April 19, 2013, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on September 10, 2014. On November 7, 2014, Petitioner filed Objections to Magistrate Judge's Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.  *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).  Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

In Ground One, Petitioner contends that his conviction was not supported by sufficient evidence.  Respondent asserts that Ground One should be dismissed as

procedurally defaulted. The Magistrate Judge determined that although Ground One was presented to the Ohio court as a claim solely involving whether the conviction was against the manifest weight of the evidence, the Sixth Circuit teaches that a manifest weight of the evidence claim presented to Ohio courts necessarily includes a claim raising insufficiency of the evidence. *Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007) (quoting *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985)). Thus, the Magistrate Judge concluded that Ground One was not procedurally defaulted.

After a review of the record, the Magistrate Judge further determined that the Court of Appeals analyzed the evidence and reached a result not contrary to clearly established federal law by finding that the jury heard sufficient evidence to convict Petitioner of Rape. In *Jackson v. Virginia*, 443 U.S. 307, 324 (1979), the United States Supreme Court teaches that substantial evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the reviewing court can conclude that any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

The Court agrees with the Magistrate Judge that Ground One is not procedurally defaulted. Furthermore, the Court finds that the evidence supporting Petitioner's conviction was more than sufficient. In Petitioner's Objections to Magistrate Judge's Report and Recommendation, he contends that the jury could not have had enough evidence to convict. The Court disagrees. The jury heard credible evidence from the witnesses and the victim, and viewed several exhibits, all of which provided sufficient evidence to convict. Therefore, the Court denies Ground One.

In Ground Two, Petitioner contends that he was improperly prevented from

confronting the victim as to her prior sexual history. Respondent asserts that this issue was addressed by the Court of Appeals and the decision was not an unreasonable application of clearly established federal law. The Magistrate Judge points out that the Court of Appeals thoroughly analyzed this issue and found that the trial court was correct when it disallowed Petitioner to cross-examine the victim regarding other sexual relations.

When "it is merely the extent of cross-examination that is limited, the trial judge retains a much wider latitude of discretion. Once cross examination reveals sufficient information to appraise the witnesses' veracity, confrontation demands are satisfied." *Boggs v. Collins*, 226 F.3d 743 (6th Cir. 2000), (quoting *Dorsey v. Parke*, 872 F.2d 163, 167 (6th Cir. 1989)) (internal quotation marks omitted). Accordingly, when the trial court limits the extent of cross-examination, the habeas court's inquiry is "whether the jury had enough information, despite the limits placed on otherwise permitted cross-examination, to assess the defense theory." *Stewart v. Wolfenbarger*, 468 F.3d 338, 347 (6th Cir. 2006) (quoting *Dorsey*, 872 F.2d at 167) (internal quotation marks omitted).

The Court of Appeals found that the victim's prior sexual history did not relate to an essential element of rape. The State proved that Petitioner engaged in sexual conduct with the victim by force or threat of force by the credible testimony of the victim and corroborating witnesses. The Magistrate Judge concluded that the Court of Appeals decision denying this claim was not an unreasonable application of the clearly established federal laws on evidentiary rulings that were fundamentally state law matters, and on the scope of the Confrontation Clause. The Court agrees. Therefore,

5

Ground Two is denied.

In Ground Three Petitioner contends that he received ineffective assistance of counsel. Petitioner challenges the Court of Appeals ruling that counsel was owed deference to strategic decisions and that no prejudice was shown from those decisions.

To make out an ineffective assistance of counsel claim, the petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Indeed, under the test set forth in *Strickland*, the defendant must establish deficient performance and prejudice:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

The Magistrate Judge reviewed the Court of Appeals record adjudicating Petitioner's claim of ineffective assistance by counsel. The Court of Appeals found that Petitioner's counsel well articulated his reasons for the decisions he made regarding his trial strategy. The Court of Appeals made clear that Petitioner did not show how a different strategy would have produced a different outcome. The Magistrate Judge points out that review of these issues must accord deference both to the decision of the

Court of Appeals in denying this claim and to the strategic decisions of defense counsel. In Petitioner's Objections, he contends that there is a reasonable probability that the outcome of the trial would have been different if counsel's strategic decisions had been different.  However, Petitioner has offered no proof beyond mere allegation that his counsel's performance was deficient.

The Court agrees with the Magistrate Judge that the decision of the Ohio Court of Appeals was not contrary to the clearly established federal law of *Strickland*. Therefore, Ground Three is denied.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

 IT IS SO ORDERED.

Date:1/8/2015

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge